Filed 8/19/21  P. v. Godinez-Gonzales CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO GODINEZ-GONZALES,<br><br>    Defendant and Appellant. | A160026<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR1583264) |

Mario Godinez-Gonzales appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1]  He contends, and the People agree, that the trial court erred by summarily denying his petition, because he made a prima facie showing of entitlement to relief and the record did not conclusively establish his ineligibility as a matter of law.  We accept the People's concession, reverse the order denying the petition, and remand for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

A March 2016 information charged Godinez-Gonzales, Edgar Contreras, and Isidro Lopez Bernal (collectively, defendants) with murder (§ 187), alleging a special circumstance that the murder was committed during a robbery (§ 190.2, subd. (a)(17).  The information also charged the

---

[1]    All statutory references are to the Penal Code.

1

defendants with second degree robbery (§§ 211, 212.5, subd. (c)).  In addition, the information alleged that defendants personally and intentionally discharged firearms during the commission of the crimes (§ 12022.53, subd. (c)) and personally and intentionally discharged firearms proximately causing the victim's death (§ 12022.53, subd. (d)).

A.  <u>Preliminary Hearing, Plea, and Sentence</u>

According to the preliminary hearing testimony, the defendants went to a marijuana "grow site" to steal marijuana plants.  All three defendants were armed.  As Godinez-Gonzales and Contreras trimmed and bundled marijuana leaves, a voice told them to stop.  Gunshots followed and the defendants fled, firing their guns as they ran.  At the grow site, police later found the dead body of the defendants' victim.  He had been shot, and there was a holstered firearm "on his side."

At the preliminary hearing, the prosecutor asserted "this is the classic felony murder case."  The prosecutor explained:  "[W]e don't know which shot killed [the victim].  We know all defendants discharged a firearm and we know from the felony murder [rule] they are all on the hook . . . because they [were] in the attempted commission of a robbery . . . They shot and someone died and that's the basis of the felony murder rule."  The court agreed "this [is] a classic case of the felony murder rule" and held the defendants to answer the charges.

In April 2017, Godinez-Gonzales pled no contest to second degree murder (§§ 187, 190, subd. (a)) and second degree robbery (§§ 211, 212.5, subd. (c)) and admitted personally using a firearm in the commission of the offense (§ 12022.53, subd. (b)).  The parties agreed Godinez-Gonzales would receive a sentence of 30 years to life.

2

At the change of plea hearing, the prosecutor noted it was "a felony murder case, a first-degree murder in the course of a robbery." The prosecutor added: "The facts don't necessarily support a second-degree murder, but it's a discretionary decision I accepted when the offer was made."

In July 2017, the court sentenced Godinez-Gonzales to 30 years to life in state prison as agreed.

B.  Resentencing Petition

In March 2019, Godinez-Gonzales filed a petition for resentencing under section 1170.95. He averred, inter alia, that an information had been filed against him that allowed the prosecution to proceed under a felony-murder theory, he pled guilty to second degree murder because he believed he could have been convicted at trial under the felony-murder rule, and he could no longer be convicted of murder due to changes to sections 188 and 189.

In March 2019, the court issued an order to show cause on the ground that Godinez-Gonzales had stated a prima facie case for relief, appointed counsel for him, and ordered briefing on the petition.

In extended briefing, however, the prosecution urged the court to "withdraw" the order to show cause and summarily deny the petition because Godinez-Gonzales was ineligible for relief. The prosecution argued that it had not pursued a felony murder theory in obtaining Godinez-Gonzales's conviction, but instead resolved the pending criminal charges by abandoning the felony murder theory and asserting a theory that he was liable as "either a principal or as an aider and abettor."

Godinez-Gonzales, through counsel, filed a response urging that his petition be granted.

3

On March 30, 2020, the trial court issued a written order withdrawing its order to show cause and summarily denying the petition. The court determined that Godinez-Gonzales was ineligible for section 1170.95 relief because he was not convicted of felony murder. According to the court, Godinez-Gonzales "was convicted by way of plea to second degree murder based on the theory he was either a principal or an aider and abettor in that offense." The court noted that Godinez-Gonzales, in his negotiated disposition, admitted committing murder in the second degree and personally using a firearm in the commission of the offense, and concluded the factual basis for the plea was not felony murder but murder as a principal or aider and abettor. Relying on the charging documents and the preliminary hearing and change-of-plea transcripts, the court further concluded that, "had the defendant proceeded to trial, he *could* have been convicted of second degree murder as an aider and abettor." (Italics added.) The court explained: "While 'felony murder' was the theory relied upon by the prosecutor at the preliminary hearing, the Information and the available facts would have certainly allowed the prosecution to proceed to trial on both a felony-murder theory and an aiding and abetting theory."

This appeal followed.

## II. DISCUSSION

### A. Statutory Scheme

Section 1170.95 offers sentencing relief for persons who were "convicted of first degree or second degree murder" under a felony murder theory or a natural and probable consequences theory. (§ 1170.95, subd. (a).) Such a person may seek resentencing under the statute by filing a petition in the sentencing court that avers (1) an information was filed against the petitioner that allowed the prosecution to proceed under a theory of felony

4

murder (or murder under the natural and probable consequences theory); (2) the petitioner was convicted of first or second degree murder following a trial, or accepted a plea offer in lieu of a trial at which the petitioner could be convicted of first degree or second degree murder; and (3) the petitioner could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019.  (§ 1170.95, subd. (a)(1)–(3), (b)(1)(A).)  The petition should also identify the case number and year of conviction and state whether the petitioner requests appointment of counsel.  (§ 1170.95, subd. (b)(1)(B), (C).)  If a petition fails to include this information, the court may deny the petition without prejudice.  (§ 1170.95, subd. (b)(2); *People v. Lewis* (July 26, 2021, S260598) ___Cal.5th___ [2021 Cal. Lexis 5258 at p. **7] (*Lewis*).)

If the petition includes the information required by subdivision (b)(1) of section 1170.95, the court must review the petition to "determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."  (§ 1170.95, subd. (c).)  If the petitioner requested counsel, the court must appoint counsel.  (§ 1170.95, subd. (c); *Lewis*, *supra*, [2021 Cal. Lexis 5258 at **12].)  The prosecutor must file and serve a response to the petition, and the petitioner may file and serve a reply. (§ 1170.95, subd. (c).)

In deciding whether the petitioner has made a prima facie showing, the court may consider the petitioner's record of conviction.  (*Lewis, supra*, [2021 Cal. Lexis 5258 at **29].)  The inquiry at this stage, however, is limited:  the court must take the petitioner's factual allegations as true and make a preliminary determination whether the petitioner would be entitled to relief *if* those allegations are true.  (*Id*. at **31.)  The court should not engage in factfinding that involves the weighing of evidence or the exercise of

5

discretion. (*Id.* at **31–32; see *People v. Duchine* (2021) 60 Cal.App.5th 798, 812–816 [trial court must accept the allegations in the petition as true unless the record of conviction conclusively disproves those facts as a matter of law].)

If the petitioner makes the requisite prima facie showing, the court must "issue an order to show cause." (§ 1170.95, subd. (c); see *Lewis, supra,* [2021 Cal. Lexis 5258 at **10–12; holding that § 1170.95, subd. (c) describes a single prima facie inquiry, such that the statutory requirement of a "prima facie showing that the petitioner falls within the provisions of" section 1170.95 is the same as a "prima facie showing that he or she is entitled to relief"].) The court then holds a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) The prosecution has the burden "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

B. Application

Here, the trial court ruled that Godinez-Gonzales had not made the prima facie showing requisite for the issuance of an order to show cause. On appeal, the parties agree this was error. Godinez-Gonzales had alleged that the information filed against him allowed the prosecution to proceed under a felony-murder theory; that he pled guilty to second degree murder because he believed he could have been convicted at trial under the felony-murder rule; and that he could no longer be convicted of murder because of changes to section 188 or 189. Those allegations, if true, would support relief under the statute.

6

The parties also agree that the record of conviction does not conclusively establish Godinez-Gonzales is ineligible for relief as a matter of law.  The prosecution had asserted at the preliminary hearing—and the trial court agreed—that the case was a quintessential felony-murder case.  At the plea hearing, the prosecution reiterated that the case fell under the felony-murder rule and acknowledged that the facts did not "necessarily support" a second-degree murder conviction.  Although the record may contain evidence supporting Godinez-Gonzales's liability as a direct perpetrator, aider and abettor, or a major participant who acted with reckless disregard for human life, it does not conclusively rebut Godinez-Gonzales's allegations as a matter of law.

The trial court was therefore required to issue an order to show cause and hold a hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that Godinez-Gonzales is ineligible for resentencing.  (§ 1170.95, subd. (d); *Duchine, supra*, 60 Cal.App.5th at p. 816; *People v. Aleo* (2021) 64 Cal.App.5th 865, 874–875; *People* v. *DeHuff* (2021) 63 Cal.App.5th 428, 438.)  We express no opinion on the result the court should reach at the section 1170.95, subdivision (d) hearing.

## III.  DISPOSITION

The order denying Godinez-Gonzales's petition under Penal Code section 1170.95  is reversed.  The case is remanded with directions to issue an order to show cause and to hold a hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that Godinez-Gonzales is ineligible for resentencing.  (Pen. Code, § 1170.95, subd. (d).)

_____
NEEDHAM, Acting P.J.

We concur.



_____
BURNS, J.



_____
RODRIGUEZ, J. *



*People v. Godinez-Gonzalez* / A160026

_____
  * Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8